COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Lemons and Senior Judge Hodges
Argued at Alexandria, Virginia


KEITH A. CARPENTER

MEMORANDUM OPINION[*] BY
v.          Record No. 2842-97-4          JUDGE DONALD W. LEMONS
                                          DECEMBER 8, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Michael P. McWeeny, Judge

M. Dale Phelps (Ann H. Potter, Assistant
Public Defender; Office of the Public
Defender, on brief), for appellant.

Daniel J. Munroe, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Keith A. Carpenter appeals his conviction for driving after having been declared an habitual offender as a second or subsequent offense. He alleges that the trial court erred by admitting evidence of his consumption of alcoholic beverages and evidence of the presence of alcoholic beverages in the truck he was driving. Finding no error, we affirm the jury's verdict and the trial court's order of conviction.

On April 23, 1997 at 2:00 a.m., Fairfax County Police Officer Jeffrey Snodgrass noticed a pickup truck being operated erratically. The officer followed the truck and observed it cross over traffic lines approximately 25 times in a three-mile stretch. The vehicle did not stop when Officer Snodgrass first

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

activated his emergency lights.

While illuminated by the police car's high beam headlights and accessory spotlight, the vehicle stopped and Carpenter exited the truck from the driver's seat and looked at the officer. The officer ordered him back into the truck, but Carpenter ran from the scene. After a chase in which the officer used pepper spray, Carpenter was apprehended and placed under arrest. The officer noticed a "strong of odor of alcoholic beverage" from Carpenter. When asked for his name and personal information, Carpenter said, "no comment." The officer retrieved an ID card in the name of Keith Carpenter from Carpenter's pocket. The officer saw no other person associated with the truck that evening.

At trial, Officer Lawrence Henderson testified that he responded to the scene and found three beer cans inside the blue Chevrolet truck. One can was open and empty, one was open in the cup holder by the driver's seat and about three-quarters full, and the third was unopened on the bench seat in the back. The second and third cans were cold to the touch.

Yosuf Mir testified on Carpenter's behalf and claimed ownership of the truck. He stated that on that evening he had given the keys to his truck to his nephew, Khalid Seyed. He said that he saw Seyed drive the truck away that evening with Carpenter as his passenger. Mir testified that the truck was difficult to steer and that the passenger door was not easy to open.

Khalid Seyed, Carpenter's co-worker, testified that he and Carpenter had gone to meet a potential customer on the evening of April 22, 1997. He said that he was driving Mir's truck when he noticed a police officer behind him. He said that he stopped, jumped out and hid underneath the truck, where he remained until he saw Carpenter run away with the police officer in pursuit.

Carpenter testified that he was a passenger in the truck. He stated that he had taken anti-depressant medication earlier that evening and was sleeping on the front seat when Seyed said "police." He said that he observed Seyed get out of the truck and run away. He testified that he ran away as well because he was on probation and did not want to get in trouble for "nothing."

"A trial court has broad discretion in determining whether evidence is admissible, and its ruling will not be disturbed absent an abuse of discretion." Miller v. Commonwealth, 15 Va. App. 301, 304, 422 S.E.2d 795, 797 (1992). Evidence is relevant if it has "any tendency to establish a fact which is properly at issue." Wise v. Commonwealth, 6 Va. App. 178, 187, 367 S.E.2d 197, 202-03 (1988); see generally C. Friend, The Law of Evidence in Virginia § 11-1 (4th ed. 1993) ("[E]vidence is relevant if it tends to establish the proposition for which it is offered. If it has any probative value, however slight - i.e., if it has any tendency whatsoever to prove or disprove the point upon which it is introduced - it is relevant."). Although generally

inadmissible, evidence tending to show an accused committed other bad acts at other times is admissible "if it tends to prove any relevant element of the offense charged," so long as its "legitimate probative value outweighs the incidental prejudice to the accused." Woodfin v. Commonwealth, 236 Va. 89, 95, 372 S.E.2d 377, 380-81 (1988) (citations omitted).

Carpenter denied that he was operating the truck. Operating a motor vehicle is an essential element of the offense of driving after having being declared an habitual offender. See Code § 46.2-357. In addition to the officer's testimony that Carpenter was the only person associated with the truck at the scene of the arrest, the Commonwealth was entitled to offer proof of this essential element by introducing evidence that:

1. the officer saw the vehicle being driven in a manner consistent with driving under the influence of alcohol;

2. Carpenter had the odor of alcohol on his person; and

3. three beer cans were in the truck, one can open and empty, one open in the cup holder by the driver's seat and about three quarters full, and the third unopened on the bench seat of the truck. The second and third cans were cold to the touch.

The probative value of this evidence outweighs any incidental prejudice to the accused. The conviction is affirmed.

Affirmed.